Plaintiff's Name **Nicholas Lee Small**
CDCR No. **BF7654**
Address **High Desert State Prison**
**Facility A - ; PO Box 3030**
**Susanville, CA 96127-3030**

**FILED**
May 26, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

**Nicholas Lee Small**
(Name of Plaintiff)

2:22-cv-899-JDP (PC)
(Case Number)

vs.

**Jordan, Barrier, Barton, et al**

CIVIL RIGHTS COMPLAINT UNDER:

☐ 42 U.S.C. 1983 (State Prisoner)

(Names of all Defendants)

I. Previous Lawsuits (list all other previous or pending lawsuits on additional page):

    A. Have you brought any other lawsuits while a prisoner? Yes ___ No **XXX**

    B. If your answer to A is yes, how many? _____

Describe previous or pending lawsuits in the space below. (If more than one, attach additional page to continue outlining all lawsuits in same format.)

    1. Parties to this previous lawsuit:

        Plaintiff _____

        Defendants _____

    2. Court (if Federal Court, give name of District; if State Court, give name of County)

    3. Docket Number _____ 4. Assigned Judge _____

5. Disposition (Was the case dismissed? Appealed? Is it still pending?)

_____

6. Filing Date (approx.) _____    7. Disposition Date (approx.) _____

II. Exhaustion of Administrative Remedies

NOTICE: Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prior to filing suit, inmates are required to exhaust the available administrative remedy process, Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002). If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice. Jones, 549 U.S. at 223-24, 127 S.Ct. at 925-26.

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes _XXX_    No _____

B. Have you filed an appeal or grievance concerning ALL of the facts contained in this complaint?

Yes _XXX_    No _____

C. Is the process completed?

Yes _XXX_ — If your answer is yes, briefly explain what happened at each level.

Classified as an allegation of staff misconduct and forwarded outside of the prison grievance process. To date, no result of any investigation has been revaled to myself or any other party who I have asked. No remedy has been offered and my request for compensation for my physical injury was ignored entirely. California Department of Corrections and Rehabilitation (CDCR) hsa classified appeals as "exhausted" in all cases.

No _____    If your answer is no, explain why not.

_____
_____
_____
_____
_____

III. Defendants

List each defendant's full name, official position, and place of employment and address in the spaces below. If you need additional space please provide the same information for any additional defendants on separate sheet of paper.

A. Name Jordan is employed as Correctional Officer (C/O)

Current Address/Place of Employment High Desert State Prison; 475-750 Rice Canyon Rd. Susanville, CA

B. Name Barrier is employed as Correctional Officer (C/O)

Current Address/Place of Employment High Desert State Prison; 475-750 Rice Canyon Rd.; Susanville, CA

C. Name Barton is employed as Correctional Sergeant (C/S)

Current Address/Place of Employment High Desert State Prison; 475-750 Rice Canyon Rd.; Susanville, CA

D. Name John or Jane Doe #1 is employed as Appeals Coordinator

Current Address/Place of Employment High Desert State Prison; 475-750 Rice Canyon Rd.; Susanville, CA

E. Name John or Jane Doe #2 is employed as Correctional Control Booth Officer (C/O) Fac. A5

Current Address/Place of Employment High Desert State Prison; 475-750 Rice Canyon Rd.; Susanville, CA

IV. Causes of Action (You may attach additional pages alleging other causes of action and the facts supporting them if necessary. Must be in same format outlined below.)

Claim 1: The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom from cruel and unusual punishment, etc.):

Right to Freedom from Cruel and Unusual Punishment

Supporting Facts (Include all facts you consider important to Claim 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Claim 1.):

On December 31, 2021, at approximately 1315 hours, I was using the restroom in my cell. To protect against leering staff or inmates and to prevent inadvertent indecent exposure to the female officer that was present in the control booth, I had placed two pieces of paper, approximately 12 inches in height, in each of my cell front windows. This partially obscures the view into my cell, but does not prevent anyone of average height (approximately 5½ feet tall or more) from peering over and into the cell to observe what I may be doing. Placing such "window covers" is a common inmate practice to prevent indecency, respect rules of the

Prison Rape Elimination Act (hereafter PREA), and to ensure a degree of privacy. Prison staff are generally aware of this practice and, specifically, correctional officer Jordan (hereafter c/o Jordan) is aware of this practice. As c/o Jordan and his partner (unnamed in this action) were performing their duties in releasing upper tier yard for the afternoon, my window cover remained up. This is generally accepted as a refusal to attend program--correctional staff expect "bright lights on" in the cell and cell "window covers down" before they will open a cell door for program. I therefore had a reasonable expectation that my cell door would not be opened for program. Nevertheless, when c/o Jordan reached my cell, he verbally announced my cell number to the control booth officer--an indicator to open the door. The control booth officer then activated the switch in the tower that causes my door to open. It should be noted that all doors at HDSP Facility A5 are completely automated--when the button is pressed, the door opens mechanically and continues to do so until the button is no longer pressed or until the door has fully opened. In reply to c/o Jordan's call, I yelled out not to open my door and that I was indecent on the toilet. I reflexively placed my hand on the door in an attempt to prevent it from opening any further and, in so

**Claim 2:** The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

Right to Due process--free from threats, intimidation or coercion

**Supporting Facts** (Include all facts you consider important to Claim 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 2.):

On December 31, 2021, between the hours of 1800 and 1845, I was in my cell (A5-228 @ HDSP) and I requested to speak with the Sergeant on duty. In reply, floor officers c/o Jordan and c/o Barrier ordered my door and proceeded to escort me out of the building. When we entered the rotunda in Facility A5, which is a known "blind spot" (an area where there is minimal to no camera coverage), Jordan and Barrier stood on either side of me in a "flanking" position. While they were standing such, they were within inches of my body and standing in an intimidating posture such that, were I to move, I would come into contact with one or the other of the officers. Standing in this way is an intimidation tactic informally used by correctional staff to invoke fear in the inmate--specifically the fear that "should I move and bump into one of them, I can be charged with staff assault." They then proceeded to issue verbal threats directly related to my

Claim #1 (Continued)
_____

01  
02  doing, ~~the pinky and ring fingers~~ *My Middle Finger* of my left hand were pinched between the opening door and the stone-
03  metal frame of the doorway. This resulted in immediate bleeding, severe skin damage, and extreme pain.
04  I cried out as a result and looked up to see c/o Jordan in a state of hesitation, followed by exhibiting
05  a smirk of amusement in response to my pain. c/o Jordan's unnamed partner then radioed medical for
06  assistance, called a medical alarm in the facility and went to get paper towels to help staunch the
07  bleeding. I was then seen by medical and my injuries were tended to.
08      The normal procedure for yard release is to look in the cell, identify the inmate seeking release,
09  ensure that their bright lights are on, and the view into the cell is unobstructed (such as by window
10  covers). Once this has been done, the officer indicates to the control booth operator to open the door.
11  The officer is then to remain at the door until the inmate is released and the door is once more secured
12  before moving on to the next cell to release the next inmate. c/o Jordan failed to follow this basic
13  and standard procedure, resulting in my ongoing injury, pain, and suffering.
14  ////
15  Claim #2 (Continued)
_____
16  and inform Sgt./ barton about c/o's Jordan and Barrier's misconduct en route to this meeting. Sgt.
17  Barton interrupted me, told me in an agressive manner to "drop [my] claim—my officers did nothing wrong
18  and I've got their back no matter what." I told Sgt. barton not to yell at me and that there was no
19  reason we couldn't have a reasonable adult discussion man-to-man and come to a mutually agreeable conclusion.
20  Sgt. Barton yelled at me to "shut the fuck up. If you want to mess with someone, mess with me!" he
21  then stood up from his desk and rushed toward the seat I was previously placed in as if he were about
22  to attack me. To ensure my own safety, I stood up and quickly backed out of the office. Sgt. barton
23  continued to rush toward me, yelling what appeared to be unintelligible threats, so I fled the program
24  office to the yard and headed toward medical, where I sought refuge in that area from Sgt. Barton's
25  insane rampage. he at one point said, "Get back in my office, bitch and we'll settle this right now."
26  ~~This caused me to suffer a vilent flashback from my childhood, so I became confrontational, telling~~
27  Sgt. Barton that I wasn't scared, but that he wasn't going to threaten me into giving up my free flights.
28  Eventually, the confrontation ended as I chose to leave the program office area and file an incident

pending personal injury appeal on the present matter against c/o Jordan and other correctional staff and facility employees. Specifically, they stated that if I didn't "drop it," they would "smash my house each day [they] worked," they "could make things very bad for me," and asked if I "wanted to disappear." These specific statements were made by c/o Parrier, but c/o Jordan also made similar statements and spoke in support of c/o Parrier's threats. These actions are a clear attempt to use threats, intimidation, and coercion to interfere with a legally and Constitutionally protected right (Due Process) and is in violation of the California Government Code, Section 52.1, colloquially known as the Tom Bane Act and hereafter referred to as such.

## V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I wish to be compensated for my injuries, pain and suffering. For the injury, I wish to be awarded compensatory damages in the amount of $25,000,000 for my ongoing pain and suffering, punitive damages levied against the perpetrators in the amount of $2,500,000, and to have Defendants held responsible for all filing fees, lawyers fees, and all other expenses incurred as a direct or indirect result of this action, which would not have been necessary in the absence of the Defendants's misconduct, for a total award of $27,500,000 plus expenses.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 5-25-22   Signature of Plaintiff: [signature]

(Revised 4/4/14)

01 report in the form of a Form CDCR 602-1 Inmate Grievance.

02    I have a State and Federal right to be protected from abusive authorities in whose care I have been
03 placed and to be free from reprisals for pursuing due process, as well as a reasonable expectation
04 to be free from retaliation, as well as threats, intimidation, and coercion designed and intended to
05 prevent me from pursuing lawful action. Sgt. Barton's behavior clearly interfered with this right. This
06 is a violation of Federal Constitutional Law, State Contstitutional Law, and Government Code 52.1, the
07 Tom Bane Act.

08    John or Jane Doe #1 is an appeals coordinator who acted with indifference to my injury and perpetrated
09 an appeals process which had a net result of no effective resolution, failing to meet due process
10 standards.

11    John or Jane Doe #2 is a correctional control booth officer employed at High Desert State Prison
12 in Facility A5 Control Booth on December 31, 2021, at approximated 1315 hours. John or Jane Doe #2
13 failed to visually verify that my window cover was down before operating the mechanism which opened
14 my door and caused my injury. This act violated policy and procedure and resulted in suffering, physical
15 injury, and ongoing pain.

16 /////