UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS LEE SMALL,<br><br>           Plaintiff,<br><br>      v.<br><br>JORDAN, *et al.*,<br><br>           Defendants. | Case No. 2:22-cv-00899-TLN-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) PROCEED ONLY WITH HIS FIRST AMENDMENT RETALIATION CLAIMS AGAINST DEFENDANTS BARRIER AND JORDAN; OR<br><br>(2) DELAY SERVING ANY DEFENDANT AND FILE AN AMENDED COMPLAINT<br><br>ECF Nos. 1 & 8<br><br>THIRTY-DAY DEADLINE |

      Plaintiff, a state prisoner proceeding without counsel, alleges that defendants Jordan and Doe violated his Eighth Amendment rights by using excessive force against him. ECF No. 1 at 4. He also alleges that, after force was used against him, defendants Jordan, Barrier, and Barton verbally harassed and threatened him. *Id.* at 4-6. Finally, he alleges that defendants Jordan and Barrier violated his First Amendment rights by retaliating against him after he filed a grievance related to Jordan's use of force. *Id.* at 5-6. Only plaintiff's retaliation claim is viable. He must

choose whether to proceed with that claim or delay serving any defendant and file an amended complaint. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 8.

## Screening Order

### I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### II. Analysis

Plaintiff alleges that, on December 31, 2021, he had papered over the windows of his cell

to prevent "leering inmates" or accidental indecent exposure to female correctional officers. ECF No. 1 at 3. While he was using the toilet in his cell, defendant Jordan and another officer opened the door to his cell for "program." *Id.* Plaintiff instinctively put out his hand to prevent the door from opening and, in so doing, sustained injuries to his hands. *Id.* at 5. This does not amount to a use of excessive force, since the injury to plaintiff's hand is alleged to have been inadvertent. *See Kingsley v. Hendrickson*, 576 U.S. 389, 395-96 (2015).

Second, plaintiff alleges that, after being escorted from his cell, defendants Jordan and Barrier stood close to him to intimidate him. ECF No. 1 at 4. Then, defendant Barton, a correctional sergeant, was verbally aggressive toward him. *Id.* at 5. These threats, divorced from any actual attack on plaintiff's person, do not rise to the level of an Eighth Amendment violation. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the eighth amendment to believe a threat constitutes a constitutional wrong.").

Finally, plaintiff alleges that after he filed a prison grievance about defendant Jordan's conduct, Jordan and Barrier threatened to destroy his property and to make him "disappear" if he did not drop the issue. ECF No. 1 at 6. These allegations are sufficient to state cognizable First Amendment retaliation claims against both defendants.

Plaintiff may either proceed only with his First Amendment claims against defendants Jordan and Barrier, or he may delay serving any defendant and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 8, is GRANTED.

2.  Within thirty days from the service of this order, plaintiff either advise that he wishes to proceed only with his First Amendment claims against defendants Jordan and Barrier or file an amended complaint. If he elects to proceed against Jordan and Barrier, he must voluntarily dismiss his claims against the other defendants.

3.  Failure to comply with this order may result in the dismissal of this action.

4.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:  August 11, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE